FRANCES W. SHARPE, PLAINTIFF-APPELLANT, v.
LOUIS H. SHARPE, DEFENDANT-RESPONDENT.

Argued November 23, 1970—Decided February 8, 1971.

*Mr. Saul J. Zucker* argued the cause for plaintiff-appellant (*Messrs. Zucker, Lowenstein, Gurny and Zucker,* attorneys; *Mr. Harold A. Price* of counsel; *Mr. Saul J. Zucker* on the brief).

*Mr. Joel L. Bohrer* argued the cause for defendant-respondent.

PER CURIAM. The primary issue in this case is the same as that presented by *Flaxman v. Flaxman,* 57 *N. J.* 458 (1971) decided today. That issue is whether a woman's right to alimony from her former husband under a separation agreement incorporated into a divorce decree is revived by the annulment of the woman's second marriage on grounds which rendered it voidable. Judge Polow, sitting in the Chancery Division, held that the right was not revived. 109 *N. J. Super.* 410 (1970). On plaintiff's motion we certified the matter directly to this Court before argument in the Appellate Division and set it down to be argued with *Flax-*

*man v. Flaxman* where the Chancery Division had reached a contrary result. 109 *N. J. Super.* 500, 501 (1970).

The pertinent facts are not in dispute. Plaintiff and defendant were married on May 1, 1954, and are the parents of five children. Plaintiff sued for divorce and on October 26, 1966, a judgment nisi awarding the plaintiff custody of the children was entered which incorporated an agreement between the parties requiring the defendant to pay $10,000 a year in monthly installments "for alimony, support and maintenance for the wife and infant children * * * until * * * her remarriage." The judgment became final on January 27, 1967.

On January 9, 1969, plaintiff married Alan Cavallaro. Less than two weeks later the defendant applied to the court for a reduction of the support payments by the elimination of plaintiff's alimony. His annual support obligation was reduced to $6,000 a year effective February 1, 1969. This amount covered support for the children only and plaintiff's alimony was discontinued.

On February 28, 1969, less than two months after her marriage to Cavallaro, plaintiff filed a complaint to annul that marriage on the grounds that he was impotent and that he fraudulently represented to plaintiff that he was able to consummate the marriage. The plaintiff withdrew the complaint on April 30, 1969. However, on June 27, 1969, plaintiff filed a new complaint seeking to enjoin Cavallaro from interfering with her relationship with her children. This complaint was amended on August 12, 1969 to include a demand for an annulment on the grounds of impotence and fraud. Cavallaro did not contest the proceedings and a judgment of annulment was entered on November 14, 1969, for the reasons set forth in the amended complaint. As a result of her annulment plaintiff sought an application to revive her right to alimony which had been discontinued after her remarriage.

In *Flaxman v. Flaxman, supra,* we held that where a separation agreement incorporated in a divorce decree pro-

vides for termination of alimony upon a wife's remarriage, alimony would remain terminated even if the wife's second marriage was voidable and was later annulled. For reasons expressed there, we agree with the determination of Judge Polow. We add that the facts of this case demonstrate the degree of control a wife could have over her source of support if we were to reach a contrary result. The record is clear that the plaintiff had the option of obtaining from Cavallaro either a divorce or an annulment. There were undisputed grounds for both divorce and annulment. Thus, if we ruled in her favor, she would have been permitted to choose between two sources of support: by obtaining a divorce, she could look to her second husband for alimony and by obtaining an annulment, she could look to her former husband. We need not speculate upon what factors might go into such a choice, but in justice to her former husband, who has had no say in that choice, we cannot allow her this option.

Plaintiff raises two other points for our consideration. Based on the affidavits of the parties, the trial court ordered that the defendant pay $9,000 a year in monthly installments for the support of the five children of the marriage, and modified the judgment nisi accordingly. Plaintiff contends that this amount is insufficient. We do not believe that this dispute can be resolved on the affidavits in the record before us. Accordingly, we remand the matter to the trial court. In determining the amount of support required for the children, it should consider the impact on their welfare of the loss of income their mother formerly enjoyed. See *Flaxman v. Flaxman, supra,* at 467 of 57 *N. J.*

Plaintiff also contends that the award of counsel fees of $1,000 was inadequate. After a review of counsel's affidavit and in view of the novelty of the question presented, the increase obtained for the children's support, and defendant's financial means, we think that an award of counsel fees of $2,000 with an additional $1,000 for this appeal is proper.

The judgment below is affirmed regarding the trial court's refusal to reinstate plaintiff's alimony. Counsel fees are amended and allowed in accordance with this opinion, and the matter is remanded for a determination of proper support for the children.

*For modification and remandment*—Chief Justice WEINTRAUB and Justices FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—6.

*Opposed*—None.